## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

UNITED STATES OF AMERICA

v.

DANTE STARKS

CRIMINAL CASE NO.

3:18-cr-00005-TCB-RGV

## <u>MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER</u>

Defendant Dante Starks ("defendant") is charged in an indictment with five counts of Hobbs Act robbery and one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); six counts of brandishing a firearm during and in relation to the robberies, in violation of 18 U.S.C. § 924(c)(1)(A) and 924(c)(1)(C)(ii); and one count of possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1].[1] Defendant has moved to suppress evidence, [Docs. 19, 25, 29, & 30], which the government opposes, [Doc. 41], and defendant has filed a

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

reply in support of these motions, [Doc. 43].[2]  For the reasons that follow, it is **RECOMMENDED** that defendant's motions, [Docs. 19, 25, 29, & 30], be **DENIED**.

## I.  STATEMENT OF FACTS

On December 26, 2017, the Breman Police Department responded to a robbery in progress call at an O'Reilly Auto Parts store located at 2800 Music Mill Road, Breman, Georgia.  [Doc. 26-1 at 3; Doc. 41-1 at 1].  A responding officer encountered defendant upon arriving, and after a brief stand-off, during which defendant attempted to flee through the back door of the store, defendant was apprehended.  [Doc. 26-1 at 3; Doc. 41-1 at 1].  A witness was interviewed after defendant's arrest, and she identified "a four door Silver in color 2017 Hyundai Sonata bearing Pennsylvania plate KJG 2808" as the vehicle the defendant had driven.  [Doc. 26-1 at 3; Doc. 41-1 at 1].  The vehicle was secured and towed to Bremen Wrecker Service.  [Doc. 26-1 at 3; Doc. 41-1 at 1].  Through investigation, Investigator Josh Newman ("Inv. Newman") "learned that there had been multiple [] armed robberies of O'Reilly stores in the state of Georgia," that defendant "was driving the same [Hyundai] vehicle in the other armed robberies" that he drove to the above

---

[2] Defendant also moved to suppress his statements made to law enforcement officers, see [Docs. 18 & 45]; however, he now "moves the Court to allow him to withdraw the motion to suppress statements and the amended motion to suppress statements," see [Doc. 46 at 1], and defendant's motion to withdraw his motions to suppress statements, [Doc. 46], is **GRANTED**.

described robbery, and that defendant "had fired a weapon at [a third] party vehicle in Tyrone, Ga during [an] armed robbery at [an] O'Reilly[] store." [Doc. 26-1 at 3; Doc. 41-1 at 1].

Based on the foregoing information, Inv. Newman applied for a search warrant for the vehicle on December 27, 2018, stating his belief that there was "probable cause that a crime ha[d] been committed and the . . . instruments, articles or things described [in the affidavit and application for search warrant were] located" in the "silver in color, 2017 Hyundai sonata bearing Pennsylvania license plate KJG 2808" that was currently located at Bremen Wrecker Service. [Doc. 26-1 at 3-4; Doc. 41-1 at 1-2]. A judge from the Magistrate Court for Haralson County, Georgia, signed the search warrant on that same day, authorizing agents to search and seize certain property, including "[a]rticles of clothes used in multiple armed robberies, paper money bands[,] [s]ki mask, weapons and ammunition consisting of live and spent shell casings, mobile phones, toboggans, U.S. currency, O'Reilly auto parts money bags or sacks, and [p]rocess for fingerprints and DNA." [Doc. 26-1 at 1; Doc. 41-2 at 1]. Pursuant to the search warrant, the following items were seized from the vehicle: an iPhone, ski mask, money wraps stamped "VillaRica," packaging for work gloves, a black and white Disney Mickey Mouse cup, black cotton gloves, a receipt from Walgreens, two "dime bags" and three "nickel bags,"

"marijuana blunt roaches," Timberland boots, "[p]ictures 4x6," and a "Walgreens picture box[.]"  [Doc. 41 at 3]; see also [Doc. 41-3].[3]

## II.  ANALYSIS

Defendant moves to suppress evidence seized from the "2017 silver Hyundai Sonata vehicle, which has been associated with [him]."  [Doc. 30 at 1].[4]  In response, the government argues that defendant "has not shown that he has standing to contest either the search warrant for the vehicle or the search of the vehicle," and that "even if [he] could assert standing, the search warrant authorizing the search contained sufficient probable cause to believe that evidence of [his] robberies of numerous O'Reilly Auto Parts stores would be inside the vehicle."  [Doc. 41 at 1]. The government alternatively argues that "should this Court find that there was not a sufficient nexus between evidence of the criminal activity and the vehicle, this

---

[3] The government asserts that "[l]aw enforcement did not conduct a search of the iPhone at the time of [defendant's] arrest," but that subsequently and "with the concurrence of [d]efendant's counsel," "law enforcement did receive consent to search the iPhone."  [Doc. 41 at 3 n.1].

[4] Defendant initially also challenged the seizure of his person, [Doc. 19 at 2], but he withdrew this challenge at the pretrial conference and was granted an opportunity to perfect his initial motions to suppress, see [Doc. 27].  He subsequently filed two amended motions to suppress evidence seized from the vehicle, see [Docs. 29 & 30], including "any warrantless seizures of evidence or property from vehicle, including the [iPhone], and any warrantless searches or examinations of the [iPhone], including its content or data," [Doc. 30 at 3].

Court should still deny the motion to suppress evidence because the agents relied on the search warrant signed by a state magistrate judge in good faith." [Id. at 2].

**A.**   **Standing**

The government argues that defendant "has not demonstrated an expectation of privacy in the 20[1]7 Silver Hyundai, sufficient to raise the issue for the Court's review." [Doc. 41 at 5 (citation omitted)].  In fact, the government contends that defendant "has not acknowledged any relationship to the Hyundai." [Id. (citing [Docs. 29 & 30])].  Defendant responds that he "has standing to challenge the search of the 2017 silver Hyundai Sonata vehicle." [Doc. 43 at 1].  To support his assertion, defendant relies on various post-arrest statements he made during interviews with law enforcement officers, including that he acknowledged that "he had been the driver of the 2017 Hyundai Sonata vehicle," that he "stated that he had used a counterfeit identification card and credit card in the name Timothy Jones to rent the vehicle in Baltimore," and that he "indicated that he had used the vehicle to travel to Georgia" and "sometimes slept in the vehicle after arriving in Georgia." [Id. at 3].

The Fourth Amendment of the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  However, "'Fourth

Amendment rights are personal rights which . . . may not be vicariously asserted.'" Rakas v. Illinois, 439 U.S. 128, 133-34 (1978) (citations omitted) (quoting Alderman v. United States, 394 U.S. 165, 174 (1969)).  "Fourth Amendment jurisprudence requires that one challenging as unreasonable a search or seizure must have 'standing,' i.e., a legitimate expectation of privacy in the premises searched." United States v. McCray, CRIMINAL ACTION FILE NO. 1:15-cr-212-WSD/AJB, 2017 WL 9472888, at *6 (N.D. Ga. June 15, 2017), adopted by 2017 WL 3141172, at *14 (N.D. Ga. July 25, 2017) (citing United States v. Gonzalez, 940 F.2d 1413, 1420 n.8 (11th Cir. 1991)).  Consequently, to prevail on a claim that the government conducted an unconstitutional search under the Fourth Amendment, defendant must first establish that he had a legitimate expectation of privacy in the place searched or evidence seized that society is prepared to recognize as reasonable.  Rakas, 439 U.S. at 133-134; see also California v. Ciraolo, 476 U.S. 207, 211 (1986) (citation omitted) (standing to challenge search requires a subjective expectation of privacy that society would recognize as legitimate); United States v. Baron-Mantilla, 743 F.2d 868, 870 (11th Cir. 1984) (per curiam) (citation omitted).  That is, a defendant may challenge a search on Fourth Amendment grounds if "'(1) he has a subjective expectation of privacy, and (2) society is prepared to recognize that expectation as objectively reasonable.'" United States v. Bushay, 859 F. Supp. 2d 1335, 1361 (N.D. Ga. 2012),

adopted at 1354 (quoting <u>United States v. Harris</u>, 526 F.3d 1334, 1338 (11th Cir. 2008) (per curiam)).  Thus, defendant "must establish both a subjective and an objective expectation of privacy,"[5] and he "bears the burden of showing a legitimate expectation of privacy in the area searched."   <u>United States v. Suarez-Blanca</u>, Criminal Indictment No. 1:07–CR–0023–MHS/AJB, 2008 WL 4200156, at *6  (N.D. Ga. Apr. 21, 2008) (citations omitted); <u>see also</u> <u>United States v. Jefferson</u>, Criminal Case No. 1:09–CR–324–WSD–RGV, 2010 WL 3928049, at *4 (N.D. Ga. May 25, 2010), adopted by 2010 WL 3927874, at *9 (N.D. Ga. Oct. 4, 2010), <u>aff'd</u>, 451 F. App'x 833 (11th Cir. 2011) (per curiam) (unpublished) (citation omitted) ("In other words, [defendant] has the burden to establish that he has standing to challenge the search or seizure.").

"Here, [defendant] presented no evidence supporting any reasonable expectation of privacy in the [Hyundai]," and his "failure to present any evidence indicating an expectation of privacy in the [Hyundai] means that he has not met his

---

[5] "The subjective prong is a factual inquiry, and requires that a person exhibit an actual expectation of privacy," while the "objective prong is a question of law, and requires that the privacy expectation be one that society is prepared to recognize as reasonable."   <u>Bushay</u>, 859 F. Supp. 2d at 1362 (citations and internal marks omitted); <u>see also</u> <u>United States v. Durdley</u>, 436 F. App'x 966, 968 (11th Cir. 2011) (per curiam) (unpublished).   "An expectation of privacy is reasonable if it has a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society."   <u>United States v. Dixon</u>, 901 F.3d 1322, 1338 (11th Cir. 2018) (citation and internal marks omitted).

baseline burden to show standing to contest the search." United States v. Jenkins, No. 17-1377, 2018 WL 3559209, at *9 (6th Cir. July 24, 2018) (unpublished) (footnote and citation omitted); see also United States v. Caymen, 404 F.3d 1196, 1200 (9th Cir. 2005) (finding defendant failed to "carry[y] his burden of proof to establish an 'acceptable' expectation of privacy in the laptop" where he "did not submit an affidavit or other evidence supporting his claim that he had honestly purchased and owned the laptop" and while he "did make such a claim to the police during their search of his room, that claim was, of course, unsworn"); McCray, 2017 WL 9472888, at *10 (noting that defendant "has the burden and did not provide sufficient information about his relationship with the vehicle").  Nevertheless, the Court will briefly address defendant's assertions that he rented the vehicle in another state and drove it to Georgia and "sometimes slept in the vehicle" thereafter.  [Doc. 43 at 3].

"One who owns and possesses a car, like one who owns and possesses a house, almost always has a reasonable expectation of privacy in it." Byrd v. United States, 138 S. Ct. 1518, 1527 (2018).  "More difficult to define and delineate are the legitimate expectations of privacy of others."  Id.  While "[a] driver generally has an expectation of privacy in a rental vehicle that he . . . rents," United States v. Alexis, 169 F. Supp. 3d 1303, 1310 (S.D. Fla. 2016), aff'd, 688 F. App'x 656 (11th Cir. 2017) (per curiam) (unpublished) (citation omitted), "Courts of Appeals [disagreed] over

whether an unauthorized driver has a reasonable expectation of privacy in a rental car," Byrd, 138 S. Ct. at 1526 (citations omitted).  Thus, the Supreme Court recently granted certiorari to address this conflict, holding that "as a general rule, someone in otherwise lawful possession and control of a rental car has a reasonable expectation of privacy in it even if the rental agreement does not list him . . . as an authorized driver."  Id. at 1524.  "But in so holding, the Court explicitly left intact its conclusion from *Rakas* that a 'car thief would not have a reasonable expectation of privacy in a stolen car,' '[n]o matter the degree of possession and control.'" United States v. Schram, 901 F.3d 1042, 1046 (9th Cir. 2018) (alteration in original) (quoting Byrd, 138 S. Ct. at 1529); see also Rakas, 439 U.S. at 141 n.9.

Defendant has "presented no [] evidence that he was in lawful possession and control of the rental car."  Jenkins, 2018 WL 3559209, at *9 n.8.  Instead, defendant asserts that he "used a counterfeit identification card and credit card in the name Timothy Jones to rent the vehicle[.]"  [Doc. 43 at 3].  According to defendant's assertions, the rental vehicle was obtained fraudulently, and the undersigned "see[s] no ground on which to distinguish property obtained by fraud from property that was stolen by robbery or trespass."  Caymen, 404 F.3d at 1201.  Thus, the Court finds that "[d]efendant does not have standing to challenge the . . . search of the [] rental car in question" since he "fraudulently rented [the vehicle] in the name of [Timothy

Jones]" and "society would not recognize as reasonable an expectation of privacy in a vehicle obtained by fraud." United States v. Gordon, 65 F. Supp. 2d 365, 369 (E.D. Va. 1999) (denying motion to suppress evidence seized from search of rental car where defendant "admitted renting a car from Thrifty Rental Car Company of Virginia . . . using the false driver's license and false debt card"); see also United States v. Johnson, 584 F.3d 995, 1002 (10th Cir. 2009) (citations omitted) ("[C]ourts have [] found that a defendant does not have a reasonable expectation of privacy in the contents of property that he had fraudulently purchased using another's financial information."); Caymen, 404 F.3d at 1201 ("Because . . . [defendant] obtained the laptop computer by fraud, he had no legitimate expectation of privacy in the contents of the hard drive."); United States v. Bian, CASE NO. 16-20026-CR–WILLIAMS/SIMONTON, 2016 WL 2342631, at *7 (S.D. Fla. Apr. 29, 2016), adopted by 2016 WL 2587973, at *1 (S.D. Fla. May 3, 2016) (finding defendant had "no reasonable expectation of privacy" in the rental vehicle because he "took possession of [it] using a false identity" and only possessed it briefly); United States v. Wai-Keung, 845 F. Supp. 1548, 1563 (S.D. Fla. 1994), aff'd, 115 F.3d 874 (11th Cir. 1997) (per curiam) ("Society should not recognize an expectation of privacy in a hotel room obtained fraudulently, and we do not believe that such an expectation is legitimate or reasonable."). Accordingly, because the search of the vehicle did not

violate defendant's Fourth Amendment rights as he did not have a reasonable expectation of privacy in the fraudulently obtained rental vehicle, it is **RECOMMENDED** that his motions to suppress evidence, [Docs. 19, 25, 29, & 30], be **DENIED**.[6]

B.     Probable Cause

Even if defendant could establish that he had a reasonable expectation of privacy in the rental vehicle, his motion to suppress fails on other grounds. Defendant "challenges the legality of the search warrant for the vehicle," arguing that "the affidavit fails to provide a sufficient basis for probable cause to search the vehicle." [Doc. 25 at 2-3]; see also [Doc. 29 at 3]. In particular, defendant asserts that the "supporting affidavit states that a witness advised police following the robbery that [defendant] had been driving the vehicle" and that Inv. Newman "learned [he] had driven the vehicle in other robberies," but that the "affidavit states no basis for the witness' assertion that [defendant] had driven the vehicle in connection with the Bremen O'Reilly [Auto] Parts robbery" and it "also does not provide [a] basis for the conclusory statement that the vehicle had been driven [in] connection with other robberies." [Doc. 25 at 2]; see also [Doc. 29 at 3].

---

[6] Defendant also challenges the "warrantless seizure" of the vehicle, see [Doc. 19 at 1; Doc. 30 at 1, 3; Doc. 43 at 3]; however, his argument is without merit as he similarly lacks standing to challenge the seizure of the vehicle for the reasons stated with respect to his challenge to the search of the vehicle.

The government responds that the "affidavit contained sufficient information to allow a conclusion that there is a fair probability that the vehicle would contain evidence and fruits and instrumentalities of the armed robberies described in the affidavit," which is all that is required.  [Doc. 41 at 7-8 (internal marks omitted)]. The government also responds that "[e]ven if [d]efendant were to prevail on his claim that the search warrant was not supported by probable cause because the search warrant did not have a sufficient nexus to the [d]efendant's vehicle," "this would not require that the evidence be suppressed, as the agents relied on the search warrant signed by [the] Judge in good faith."  [Id. at 8-9 (citation omitted)].

"The Fourth Amendment requires that a search warrant be issued only when there is probable cause to believe that an offense has been committed and that evidence exists at the place for which the warrant is requested."  United States v. Betancourt, 734 F.2d 750, 754 (11th Cir. 1984) (citing Zurcher v. The Stanford Daily, 436 U.S. 547, 558 (1978)); see also United States v. Cadet, Criminal Action Nos. 1:11-CR-00522-WBH-LTW, 1:11-CR-00113-WBH-LTW, 2013 WL 504892, at *4 (N.D. Ga. Jan. 16, 2013), adopted by 2013 WL 504815, at *1 (N.D. Ga. Feb. 8, 2013), aff'd, 574 F. App'x 917 (11th Cir. 2014) (per curiam) (unpublished) (citation omitted).  That is, "[p]robable cause to search . . . requires some nexus between the [property to be searched] and the alleged crime."  United States v. Joseph, 709 F.3d 1082, 1100 (11th

Cir. 2013) (citation and internal marks omitted).  "Probable cause deals 'with probabilities [which are] . . . the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'"  Illinois v. Gates, 462 U.S. 213, 241 (1983) (quoting Brinegar v. United States, 338 U.S. 160, 175 (1949)); see also United States v. Spann, No. 15–20070, 2015 WL 1969111, at *3 (S.D. Fla. May 1, 2015), aff'd, 649 F. App'x 714 (11th Cir. 2016) (per curiam) (unpublished) (citation omitted).

The Eleventh Circuit has explained the Court's review of the sufficiency of a search warrant as follows:

> When called upon by law enforcement officials to determine the legitimacy of search warrants and their supporting affidavits, issuing magistrates and reviewing courts alike must strike a delicate balance between constitutional guarantees against excessive intrusions into areas of individual freedom and the Government's need to access and to secure relevant evidence in criminal prosecutions.  In particular, issuing magistrates are given the unenviable task of making "firing line" decisions that attempt to encourage availment of the warrant process while simultaneously striving to protect citizens from unwarranted governmental interference.  In recognition of the difficulty inherent in discharging this responsibility, reviewing courts lend substantial deference to an issuing magistrate's probable cause determinations.

United States v. Miller, 24 F.3d 1357, 1363 (11th Cir. 1994).  "Courts reviewing the legitimacy of search warrants should not interpret supporting affidavits in a hypertechnical manner."  Id. at 1361 (citation omitted).  Instead, "a realistic and

13

commonsense approach should be employed so as to encourage recourse to the warrant process and to promote the high level of deference traditionally given to magistrates in their probable cause determinations." Id. (citation omitted); see also United States v. McCullough, Criminal Indictment No. 1:11–CR–136–JEC/AJB–01, 2012 WL 11799871, at *13 (N.D. Ga. Oct. 9, 2012), adopted by 2014 WL 3955556, at *2 (N.D. Ga. Aug. 13, 2014) (citations omitted).  Furthermore, "[t]he fact than an innocent explanation may be consistent with the facts alleged . . . does not negate probable cause." United States v. Fama, 758 F.2d 834, 838 (2d Cir. 1985) (citations omitted); see also Adams v. Williams, 407 U.S. 143, 149 (1972) (citation omitted).[7]

Defendant contends that the search warrant affidavit is deficient because it "fails to provide a sufficient basis for probable cause to search the vehicle," [Doc. 29 at 3], since it "contains mere bare-bone assertions that [defendant] had driven the vehicle," [Doc. 43 at 5].  In support of this argument, defendant maintains that Inv. Newnan provided no "basis for the witness' assertion that [defendant] had driven

---

[7] "[T]he term probable cause, . . . means less than evidence which would justify condemnation. . . . It imports a seizure made under circumstances which warrant suspicion . . . Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the magistrate's decision." New York v. P.J. Video, Inc., 475 U.S. 868, 876 (1986) (alterations in original) (citations and internal marks omitted).  That is, "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules," Gates, 462 U.S. at 232, and "[c]ertainty has no part in a probable cause analysis," United States v. Frechette, 583 F.3d 374, 380 (6th Cir. 2009) (citation omitted).

the vehicle" and that he also did "not provide [a] basis for the conclusory statement that the vehicle had been driven in connection with other robberies."  [Doc. 29 at 3]. Inv. Newman's affidavit alleged sufficient facts to establish probable cause to believe that evidence of a crime would be found in the subject vehicle as he averred that officers were dispatched to the O'Reilly Auto Parts store for an armed robbery in progress, that defendant had moved all employees into an office at gunpoint and demanded money, that defendant pointed his gun at one of the officers when he entered the store, that they arrested defendant after he fled out the rear door, and that an individual, whom Inv. Newman identified by name as a witness, then informed officers that defendant "was driving a four door Silver in color 2017 Hyundai Sonata bearing Pennsylvania plate KJG 2808."  [Doc. 41-1 at 1].  The facts set forth in the affidavit connect the armed robbery to defendant and defendant to the vehicle, thereby establishing probable cause to believe that evidence of the robbery might be found in the vehicle.  See United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) (footnote and citation omitted) ("[T]he affidavit should establish a connection between the defendant and the [property] to be searched and a link between the [property] and any criminal activity."); see also  United States v. Barros, 340 F. App'x 509, 513 (10th Cir. 2009) (unpublished) (citation omitted) ("The warrant clearly noted a robbery took place and a suspect matching [defendant's]

description fled the scene in a car similar in color to [defendant's] vehicle and bearing license plates registered to [him]. These statements established connections between [defendant] and the robbery and provided probable cause to believe evidence of the robbery might be found in [his] car[.]"); United States v. Gerber, 994 F.2d 1556, 1558 (11th Cir. 1993) (finding that the "bank personnels' recounting of [defendant's] attire, weapon and money bags taken, the eyewitness's description of the car that [defendant] was driving, and the roommate's account of information concerning the robbery provided sufficient probable cause for the search warrant for the car").

Defendant contends that the affidavit provides "no basis for the witness' assertion that [he] had driven the vehicle." [Doc. 29 at 3]. However, the affidavit explains that, after officers were dispatched to the O'Reilly Auto Parts store for an armed robbery in progress and encountered defendant, who then exited the back door and was arrested, an individual identified by name in the affidavit as "a witness" advised officers that defendant "was driving a four door Silver in color 2017 Hyundai Sonata bearing Pennsylvania plate KJG 2808," [Doc. 41-1 at 1], which defendant acknowledges "was located in the area of the Bremen O'Reilly Auto Parts store," [Doc. 29 at 2]. Thus, although the affidavit is not detailed, a common sense reading of it indicates that the individual identified in the affidavit witnessed

defendant driving the vehicle that was located in the area of the attempted robbery, which provided a sufficient factual basis for probable cause to connect defendant to the vehicle.  See United States v. Moran, Criminal Action No. 5:17-CR-1, 2017 WL 1821105, at *2-3 (N.D.W. Va. May 5, 2017) (rejecting defendant's challenge to the witnesses basis of knowledge as the witnesses saw the defendant with guns and described the guns in specific detail); United States v. Downes, No. 00-40084-01-SAC, 2001 WL 121951, at *4 n.1 (D. Kan. Jan. 12, 2001) (internal marks omitted) (quoting Easton v. City of Boulder, 776 F.2d 1441, 1450 (10th Cir. 1985)) ("Basis of knowledge is [] less of a problem in the victim-witness cases, for by definition the victim or witness is reporting first-hand knowledge.").

Defendant also contends that the affidavit "does not provide [a] basis for the conclusory statement that the vehicle had been driven in connection with other robberies." [Doc. 29 at 3].  In the affidavit, Inv. Newman stated that he learned that there had been multiple other armed robberies of O'Reilly stores in Georgia and also "learned through the investigation that [defendant] was driving the same described vehicle in the other armed robberies as the O'Reillys in Bremen, Ga." [Doc. 41-1 at 1].  "The affidavit does not set forth underlying facts indicating the basis of [Inv. Newman's] suspicions"; however, since "the affidavit showed probable cause even excluding this portion," the Court need not further address defendant's contention.

17

United States v. Flynn, 664 F.2d 1296, 1305 (5th Cir. 1982) (citations omitted); see also United States v. Ward, Nos. 13-cr-40066-DDC, 14–cr–40139–DDC, 2015 WL 2018579, at *9 (D. Kan. Apr. 30, 2015) (finding the affidavit failed to describe the facts supporting the detective's belief that the defendant resided at the home searched).

"Taking all of the facts and circumstances in the affidavit into account, a reasonable, common-sense interpretation of the facts laid out in the application for the search warrant leads to the conclusion that evidence of a crime might very well be found inside of the [vehicle]."   United States v. Brito, Criminal Case No. 1:11–cr–00060–ODE–RGV, 2012 WL 484829, at *9 (N.D. Ga. Feb. 9, 2012).  Defendant fails to acknowledge all the facts set forth in the affidavit as a whole, and his arguments overlook the fact that the "Supreme Court has warned lower courts of the error of not consider[ing an officer's] affidavit in its entirety and judging bits and pieces of information in isolation." United States v. Lebowitz, 647 F. Supp. 2d 1336, 1345 (N.D. Ga. 2009), adopted at 1342, aff'd, 676 F.3d 1000 (11th Cir. 2012) (per curiam) (alteration in original) (internal marks omitted) (quoting Massachusetts v. Upton, 466 U.S. 727, 732 (1984) (per curiam)).  Considered as a whole, the affidavit included sufficient information to establish probable cause to believe that evidence of the alleged crime would be located in the subject vehicle.  Therefore, defendant's

contention that Inv. Newman's affidavit did not establish probable cause is without merit.

"Even if, however, reasonable minds could differ on the question of whether the [a]ffidavit provided probable cause for the search warrant in this case, it is clear that the good faith exception applies under the circumstances." United States v. Mobely, Criminal Action No. 1:13-CR-218-CAP-LTW, 2015 WL 3488152, at *5 (N.D. Ga. June 1, 2015). "In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court crafted an exception to the exclusionary rule." Id. (citation omitted). "Under this exception, evidence discovered by an officer acting in objective good faith on a search warrant issued by a detached and neutral magistrate should not be suppressed even if the warrant is later found to have violated the Fourth Amendment by not being grounded on a sufficient showing of probable cause." Id. (citing Leon, 468 U.S. at 926); see also United States v. Robinson, 336 F.3d 1293, 1295-96 (11th Cir. 2003) (citation omitted); United States v. Sharp, Civil Action File No. 1:14–cr–229–TCB, 2015 WL 4641537, at *14 n.18 (N.D. Ga. Aug. 4, 2015), adopted at *5 (citations omitted). "The purpose of the exclusionary rule is to act as 'a deterrent to willful conduct that violates individual rights.'" United States v. Holstick, CASE NO. 3:17-cr-223-WKW, 2018 WL 2676704, at *6 (M.D. Ala. Apr. 17, 2018), adopted in part by 2018 WL 2560331, at *8 (M.D. Ala. June 4, 2018), and 2018

WL 2676909, at *1 (M.D. Ala. June 4, 2018) (quoting <u>United States v. Malekzadeh</u>, 855

F.2d 1492, 1497 (11th Cir. 1988)).

> There are four exceptions to the <u>Leon</u> good-faith exception doctrine:
>
> (1) where the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role in the manner condemned in *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979); (3) where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where, depending upon the circumstances of the particular case, a warrant is so facially deficient-i.e., in failing to particularize the place to be searched or the things to be seized-that the executing officers cannot reasonably presume it to be valid.

<u>Martin</u>, 297 F.3d at 1313 (citation and internal marks omitted).  "In this case, there

are no allegations that the affidavit included information known to be false, that the

issuing magistrate abandoned his judicial role, or that the warrant was facially

deficient."   <u>Mobely</u>, 2015 WL 3488152, at *6; <u>see also</u> [Docs. 19, 25, 29, 30, & 43].[8]

While defendant argues to the contrary, [Doc. 43 at 5-6], the affidavit "supporting

the search warrant in this case was not a bare-boned statement of conclusory

allegations characteristic of the affidavits found so lacking in indicia of probable

---

[8] In fact, there is nothing in the record that even hints that the judge who reviewed the affidavit and signed the search warrant engaged in any misconduct or abrogation of judicial responsibility, and the warrant is facially valid in that it describes in sufficient detail the things to be seized, the location for the search, and it is signed by a state magistrate judge.

cause that they fall outside the good faith exception," Mobely, 2015 WL 3488152, at

*6. "It is true the [a]ffidavit did not include details supporting the notion that

[defendant drove the same vehicle in other armed robberies that was identified by

the witness at the scene of the robbery in Bremen] other than the fact that [Inv.

Newman's] investigation revealed that [defendant drove this vehicle to other

robberies]." Id. (footnote omitted). "Nevertheless, this Court cannot conclude that

the [a]ffidavit lacked indicia of probable cause" since the affidavit included "details

in support of the notion that [d]efendant had committed a crime" and "there is

sufficient factual content within the [a]ffidavit connecting the [vehicle] to evidence

of a crime." Id. This Court "cannot conclude that a well-trained law enforcement

officer would know that the Affidavit was so lacking in indicia of probable cause as

to render official belief in its existence entirely unreasonable." Id. (citations

omitted); see also Martin, 297 F.3d at 1315 (emphasis omitted) ("find[ing] that it was

not entirely unreasonable for [the officer] to believe that what he wrote in the

affidavit would be sufficient to support a finding of probable cause"). "Thus, if the

warrant[] lacked the requisite probable cause, Leon would apply and prevent

application of the exclusionary rule." United States v. Mesika, CRIMINAL ACTION

NO. 1:16-cr-224-MHC-CMS, 2018 WL 2124899, at *15 (N.D. Ga. Mar. 30, 2018),

adopted by 2018 WL 2125949, at *1 (N.D. Ga. May 7, 2018).[9]   Accordingly,

defendant's motions to suppress evidence are also due to be denied under the good

faith exception.[10]

### III.  CONCLUSION

For the foregoing reasons and cited authority, defendant's motion to

withdraw his motions to suppress statements, [Doc. 46], is **GRANTED**, and it is

**RECOMMENDED** that defendant's motions to suppress evidence, [Docs. 19, 25, 29,

& 30], be **DENIED**.

---

[9] Thus, the Court need not reach the government's alternative argument that the ski mask seized from the vehicle is admissible under the plain view doctrine. See [Doc. 41 at 11-13].

[10] In his motions to suppress evidence, defendant also challenges the "warrantless search of . . . the [iPhone]," which was seized from the vehicle. [Doc. 30 at 1, 3]; see also [Doc. 25 at 2; Doc. 29 at 2]. However, the search warrant authorized the seizure of mobile phones found in the vehicle, and the government has explained, without contradiction from defendant, see generally [Doc. 43], that "law enforcement [] receive[d] consent to search the iPhone" after "defendant's arrest and with the concurrence of [d]efendant's counsel," [Doc. 41 at 3 n.1]. "One of the well-established exceptions to the probable cause and warrant requirements is a search which is conducted pursuant to voluntary consent." United States v. Garcia, 890 F.2d 355, 360 (11th Cir. 1989). Defendant also challenges "any warrantless seizures of evidence or property from [the] vehicle[.]" [Doc. 30 at 3]. However, he has not identified any "evidence or property" that was seized from the vehicle other than pursuant to the warrant.

There are no other matters pending before the undersigned Magistrate Judge,[11] and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, certified Ready for Trial.

**IT IS SO ORDERED** and **RECOMMENDED**, this 4th day of December, 2018.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[11] The government's motion for detention, [Doc. 9], is still pending because defendant remains under the writ of habeas corpus ad prosequendum, [Doc. 8].