IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

UNITED STATES OF AMERICA

v.

DANTE STARKS,

Defendant.

CRIMINAL CASE NO.

3:18-cr-5-TCB-RGV

# ORDER

This case comes before the Court on Defendant Dante Starks's objections [51] to Magistrate Judge Russell G. Vineyard's report and recommendation (the "R&R") [47], which recommends that Starks's motions [19, 25, 29, 30] to suppress evidence be denied.

## I.   Legal Standard on Review of a Magistrate Judge's R&R

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of

those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

2

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## II. Discussion

Starks objects to the magistrate judge's holdings that (1) he lacked standing to challenge the search of the vehicle; (2) even if he had standing, the search warrant was based upon sufficient probable cause; and (3) even if the search warrant lacked probable cause, the good faith exception applied. The Court has conducted a careful, de novo review of the R&R and Starks's objections thereto. Starks's objections are taken in turn.

### A. Standing to Challenge Search of the Rental Car

The magistrate judge did not err in holding that Starks lacked standing to challenge the search of the rental car. "An individual has standing to challenge a search if '(1) he has a subjective expectation of

3

privacy, and (2) society is prepared to recognize that expectation as objectively reasonable.'" *United States v. Bushay*, 859 F. Supp. 2d 1335, 1361 (N.D. Ga. 2012) (quoting *United States v. Harris*, 526 F.3d 1334, 1338 (11th Cir. 2008)). The defendant carries the burden to establish both the subjective and objective expectations of privacy. *United States v. Suarez-Blanca*, No. 1:07-cr-0023-MHS/AJB, 2008 WL 4200156, at *6 (N.D. Ga. Apr. 21, 2008).

"A driver generally has an expectation of privacy in a rental vehicle that he or she rents." *United States v. Alexis*, 169 F. Supp. 3d 1303, 1310 (S.D. Fla. 2016), *aff'd*, 688 F. App'x 656 (11th Cir. May 10, 2017) (per curiam). However, that general rule only applies to "someone in otherwise *lawful* possession and control of a rental car . . . ." *Byrd v. United States*, 138 S. Ct. 1518, 1524 (2018) (emphasis added) (finding that an unauthorized rental car driver may have standing to challenge a search of the vehicle). Society would not find reasonable an expectation of privacy in fraudulently obtained or unlawfully possessed property. *See United States v. Wai-Keung*, 845 F. Supp. 1548, 1563 (S.D. Fla. 1994), *aff'd*, 115 F.3d 874 (11th Cir. 1997) ("Society should not

4

recognize an expectation of privacy in a hotel room obtained fraudulently, and we do not believe that such an expectation is legitimate or reasonable."); *Byrd*, 138 S. Ct. at 1529 ("No matter the degree of possession and control, the car thief would not have a reasonable expectation of privacy in a stolen car.").

Here, even if Starks carried his burden to establish the subjective prong,[2] he fraudulently obtained the rental car, which means his possession of the vehicle was unlawful. [43] at 3 (Starks "stated that he had used a counterfeit identification card and credit card in the name of Timothy Jones to rent the vehicle in Baltimore."). Therefore, the Court finds that Starks lacks standing to challenge the search of the rental car since he fraudulently obtained the vehicle.

---

[2] The magistrate judge erred in determining that Starks failed to carry his burden to establish a *subjective* expectation of privacy in the vehicle. "A burglar plying his trade in a summer cabin during the off season may have a thoroughly justified subjective expectation of privacy, but it is not one which the law recognizes as 'legitimate.'" *Rakas v. Illinois*, 439 U.S. 128, 133 n.12 (1978). Starks presented facts through post-arrest statements that he "had been the driver of the 2017 Hyundai Sonata vehicle," "used the vehicle to travel to Georgia," and "sometimes slept in the vehicle after arriving in Georgia." [43] at 3. However, because the Court concludes that he failed to show a reasonable *objective* expectation of privacy, the ultimate issue of standing must be resolved against him.

## B. Probable Cause

Even if Starks had standing, the magistrate judge correctly held that probable cause to issue the search warrant existed. A search warrant may be issued "only when there is probable cause to believe that an offense has been committed and that evidence exists at the place for which the warrant is requested." *United States v. Betancourt*, 734 F.2d 750, 754 (11th Cir. 1984) (citing *Zurcher v. Stanford Daily News*, 436 U.S. 547, 558 (1978)). "Probable cause to search . . . requires some nexus between the [property to be searched] and the alleged crime." *United States v. Joseph*, 709 F.3d 1082, 1100 (11th Cir. 2013) (quoting *United States v. Bradley*, 644 F.3d 1213, 1263 (11th Cir. 2011)). That nexus, at least in part, may be provided by witness statements. *See United States v. Downes*, No. 00-40084-01-SAC, 2001 WL 121951, at *4 n.1 (D. Kan. Jan. 12, 2001) ("Basis of [the witness's] knowledge is . . . less of a problem . . . for by definition the victim or witness is reporting first-hand knowledge." (quoting *Easton v. City of Boulder*, 776 F.2d 1441, 1450 (10th Cir. 1985))).

6

The affidavit provided sufficient facts to establish probable cause to search the vehicle. It alleged that officers responded to an armed robbery at O'Reilly Auto Parts and arrested Starks after he pointed a gun at an officer and then fled out the store's back door. [41-1] at 1. The affidavit included a witness's detailed statement that Starks "was driving a four door Silver in color 2017 Hyundai Sonata bearing Pennsylvania plate KJG 2808." *Id.* at 1. This vehicle "was located in the area of the Bremen O'Reilly Auto Parts store." [29] at 2. "Taking all of the facts and circumstances in the affidavit into account," the affidavit established a nexus between both the armed robbery and the vehicle, and Starks and the vehicle.[3] *United States v. Brito*, No. 1:11-cr-00060-ODE, 2012 WL 484829, at *9 (N.D. Ga. Feb. 9, 2012). Therefore, the search warrant was based upon probable cause.

---

[3] The magistrate judge correctly determined that the affidavit failed to establish sufficient facts that Starks "was driving the same described vehicle in the other armed robberies as the O'Reillys [sic] in Bremen, Ga." [41-1] at 1. However, the search warrant nonetheless was valid since "the affidavit showed probable cause even excluding this portion." *United States v. Flynn*, 664 F.2d 1296, 1305 (5th Cir. 1982).

7

## C. Good-Faith Exception

Finally, even if the search warrant lacked a sufficient basis for probable cause, the magistrate judge correctly determined that the good-faith exception applies. The Court reviews the affidavit "to determine whether the warrant is so devoid of probable cause that [an officer's] belief in its validity at the time it was issued was entirely unreasonable." *United States v. Martin*, 297 F.3d 1308, 1313 (11th Cir. 2002). The affidavit included "considerable details in support of the notion that [d]efendant had committed a crime," and "there [was] sufficient factual content within the [a]ffidavit connecting the [vehicle] to evidence of a crime." *United States v. Mobely*, No. 1:13-cr-218-CAP, 2015 WL 3488152, at *6 (N.D. Ga. June 1, 2015).

Therefore, even if the Court found the search warrant to be invalid, the good-faith exception would have applied because the affidavit was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable . . . ." *Martin*, 297 F.3d at 1313 (quoting *United States v. Leon*, 468 U.S. 897, 923 (1984)).

### III. Conclusion

Accordingly, after careful and complete review, the Court adopts as its Order the R&R [47], overruling Starks's objection as to his objective expectation of privacy and sustaining his objection as to his subjective expectation of privacy.[4] His motions [19, 25, 29, 30] to suppress are denied.

IT IS SO ORDERED this 1st day of February, 2019.

Timothy C. Batten, Sr.
United States District Judge

---

[4] In light of the Court's conclusion regarding Starks's subjective expectation of privacy, the Court vacates the magistrate judge's R&R solely with regard to that issue, notwithstanding its lack of impact on the Court's ultimate holding that Starks's motions to suppress are denied.

9